UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-638-H

RUBY MATTINGLY                                                                    PLAINTIFF

V.

ALDI, INC.                                                                         DEFENDANT

**MEMORANDUM OPINION & ORDER**

Defendant, Aldi, Inc., has moved for summary judgment on Plaintiff's state law premises liability claim. This otherwise straightforward case presents an interesting question of permissible evidentiary inferences.

The evidence here is that Defendant display products by placing them in their original cardboard box on a moveable wooden skid that was open at the bottom. The skid did not have a toe kick that prevented objects from sliding or protruding under the skid. When Plaintiff needed to step close to the skid to reach her product, she slipped her foot under the skid causing her to trip as she turned away with the product.

Under Kentucky law, the owner or operator of a store is liable for injuries caused to their invitees by a condition on the land if, but only if, the owner or operator (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger. *Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d

364, 367 (Ky. 2005) (citing Restatement (Second) of Torts § 343).  Kentucky law also provides that the owner or operator of a facility is not liable for its invitees' physical harm caused by any condition whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.  *Id.* (citing Restatement (Second) of Torts § 334A).  Therefore, two questions confront this Court.  First, whether the circumstances here meet the minimum for a jury to conclude that the premises (specifically the wooden skid) constitute an unreasonable risk of harm to invitees.  And, second, if the condition constitutes such a hazard, whether it is known and obvious to the invitee.

The Court believes that this case turns upon the first question: whether the use of the wooden skid creates an unreasonable risk of harm to invitees.  Should the answer be "yes," the Court also concludes that the harm was not known, open and obvious to the invitees so as to preclude liability of Defendant.  The reason is that the hazard, if it existed, a reasonable jury could certainly find that it was concealed.  This is so even though the wood skid itself was quite known and obvious.  The hazard itself could not be recognized as such by the normal invitee.

Here, Defendant created the condition, so the only question is whether the condition itself could constitute an unreasonable risk of harm or whether events could create an awareness of its unreasonable risk.  Almost all the cases in this area focus on whether an acknowledged hazard is open and obvious.  Our issue is different: whether a reasonable jury could find this condition to be an unreasonable risk of harm.

This is a close call on summary judgment.  Though a jury may well find for Defendant, the Court cannot say that it would be unreasonable for a juror to find for Plaintiff.

Being otherwise sufficiently advised,

2

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

cc:      Counsel of Record